UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT MORROW,

        Plaintiff,

    v.

DENIS McDONOUGH
*Secretary United States Department of Veterans Affairs*,

        Defendant.

Case No. 6:23-cv-01867-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Self-represented Plaintiff Robert Morrow filed his Complaint, alleging that the Secretary of the United States Department of Veterans Affair, Denis McDonough ("Defendant"), retaliated against Plaintiff for engaging in activities protected under Title VII and the Age Discrimination in Employment Act ("ADEA"). Compl. ¶ 5, ECF No. 1. As of the date of this Opinion, Plaintiff has still failed to provide adequate proof of service of Defendant. For the reasons explained below, Plaintiff's Complaint is dismissed without prejudice for failure to prosecute.

## BACKGROUND

    On December 12, 2023, Plaintiff filed his Complaint alleging that Defendant retaliated against him for engaging in activities protected under Title VII and the ADEA. Compl. ¶ 5. On March 14, 2024, the Court advised Plaintiff that the 90-day deadline to submit proof of service of

summons under Federal Rule of Civil Procedure 4 had passed. ECF No. 4. The CourtOrdered Plaintiff to submit proof of service of Defendant by April 12, 2024. *Id.* The Court noted that, "[i]n accordance with Fed. R. Civ. P. 4(m), unless good cause is shown, failure to comply will result in dismissal of the case without prejudice." *Id.* The Court also advised Plaintiff that the District Court's website provides resources for self-represented parties. Plaintiff failed to provide proof of service or a showing of good cause by the deadline.

On April 30, 2024, the Court issued a Findings and Recommendation for dismissal of the Complaint without prejudice for failure to prosecute. ECF No. 5. On May 14, 2024, Plaintiff filed by paper an objection to the Court's Findings and Recommendation and requested that he be given until June 5, 2024 to submit proof of service. ECF No. 9. The Court adopted the Findings and Recommendation; however, the adoption was withdrawn on May 16, 2024, in light of Plaintiff's reengagement with the case through his May 14, 2024 objection, which had not yet been entered in CM/ECF when the Findings and Recommendation was ruled on. ECF No. 10.

On December 3, 2024, the Court Vacated its previous Findings and Recommendation, and, recognizing that the issue of service was still unresolved, Ordered Plaintiff to submit proposed summons by January 2, 2025. ECF No. 12. On December 27, 2024, Plaintiff submitted proposed summons. ECF No. 13. That same day, the Court returned to Plaintiff a signed copy of the proposed summons and ordered Plaintiff to print and serve the summon in accordance with Local Rule 3-5. ECF No. 14.

On February 10, 2025, the Court issued its third show cause order, advising Plaintiff that the 90-day deadline to submit proof of service of summons following the filing of a complaint was still expired. ECF No. 15. The Court Ordered Plaintiff to submit proof of service by March

12, 2025, and noted that "[i]n accordance with Fed. R. Civ. P. 4(m), unless good cause is shown, failure to comply will result in dismissal of the case without prejudice." *Id.*

On February 28, 2025, Plaintiff filed what purported to be proof of service on Defendant. ECF No. 16. Plaintiff's proof of service stated that he personally served the summons by certified mail. *Id.* at 1. The attached copy of the certified mail receipt contained a section labelled "complete this section on delivery." *Id.* at 3. That section directs the recipient to provide the following information upon delivery: signature (agent or addressee), received by (printed name), date of delivery, and confirmation of delivery address. The "complete this section on delivery" portion of Plaintiff's receipt of certified mail is completely blank. The blank receipt does not provide adequate proof of service. As of the date of this Opinion Defendant has not answered the Complaint or appeared.

## STANDARD OF REVIEW

Federal courts possess the undisputed authority to control their dockets and dismiss a case that a plaintiff fails to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Fed. R. Civ. P. 41(b) allows for dismissal of an action for failure to prosecute. A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Unreasonable delay supports a dismissal for lack of prosecution, but deciding "whether *actual* prejudice exists may be an important factor in deciding whether a given delay is 'unreasonable.'" *Id.* (quoting *Citizens Utils. Co. v. Am. Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979) (emphasis in original)).

In determining whether to dismiss for failure to prosecute or comply with a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the

availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## DISCUSSION

Dismissal is appropriate in this case for at least two reasons. First, Plaintiff's failure to adequately respond to the Court's repeated orders weighs in favor of dismissing this action. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); Fed. R. Civ. P. Rule 41(b). Second, as discussed in more detail below, the *Pagtalunan* five-factor test strongly favors dismissal.

The public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance . . . ."). Plaintiff filed his Complaint over 16 months ago and Plaintiff has failed to timely participate in this lawsuit without the Court ordering his participation at every step. The first two factors weigh in favor of dismissal.

The risk of prejudice to Defendant weighs in favor of dismissal. Plaintiff has "offered no clear explanations of what actions he . . . took during the relevant time period[]." *Id.* at 643. Plaintiff's purported proof of service by certified mail is not signed by a recipient and Defendant has not appeared. Thus, Plaintiff has not provided adequate proof of service on Defendant. Furthermore, this is time lost that Defendant could have used to preserve evidence, find witnesses, and generally prepare their case. *Id.* ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). Plaintiff's unnecessary delay has negatively impacted Defendant's ability to effectively defend their case. The Court finds the third factor weighs in favor of dismissal.

The availability of less drastic alternatives also weighs in favor of dismissal. As discussed above, the Court has already employed multiple less drastic alternatives, including directing Plaintiff to online resources and repeatedly warning Plaintiff that failure to prosecute the case will result in dismissal without prejudice. *See* ECF Nos. 4, 5, 12, 15. Accordingly, this factor also weighs in favor of dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding the requirement that court consider less drastic alternatives may be satisfied by warning the litigant that failure to obey court order will result in dismissal).

Finally, although public policy favors disposition on the merits, Plaintiff's failures to prosecute this case and adequately comply with the Court's Orders have obstructed the Court's ability to reach the merits. All other factors weigh in favor of dismissal. Accordingly, the Court dismisses this action for lack of prosecution and for failure to comply with Court orders.

## CONCLUSION

For the reasons above, Plaintiff's complaint is DISMISSED without prejudice.

DATED this 2nd day of May 2025.

                                               s/ Mustafa T. Kasubhai
                                               MUSTAFA T. KASUBHAI (He / Him)
                                               United States District Judge